IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

SUMMONS

PLAINTIFF:  BOYD BUSH                          COURT DIVISION ____

VS                                   CASE NUMBER 2005- 135

DEFENDANT:  GOOD SHEPHERD HUMANE SOCIETY

PLAINTIFF'S ATTORNEY:  MARY-MARSHA HARDIN
ATTORNEY'S ADDRESS:  119 South Second Street, Rogers, AR 72756-4525

THE STATE OF ARKANSAS TO DEFENDANT:   **GERALD K. CROW**
                                      P.O. Box 129
                                      Berryville, AR 72616

NOTICE

1.   You are hereby notified that a lawsuit has been filed against
you; the relief asked is stated in the attached Complaint.
2.   The attached Complaint will be considered admitted by you and a
judgment by default may be entered against you for the relief asked in
the Complaint unless you file a pleading and thereafter appear and
present your defense.  Your pleading or answer must meet the following
requirements:
    A.   It must be in writing, and otherwise comply with the
    Arkansas Rules of Civil Procedure.
    B.   It must be filed in the Court Clerk's office within **twenty
    (20)** days from the day you were served with this Summons.
3.   If you desire to be represented by an attorney you should
immediately contact your attorney so that an answer can be filed for
you within the time allowed.

        WITNESS my hand and the seal of the Court this ___28th___ day of
November, 2005.

ADDRESS OF THE CLERK'S OFFICE:          RAMONA WILSON, CLERK
Carroll County Courthouse
Eureka Springs, Arkansas 72632         By _Kathryn Head_____ D.C.

                    SHERIFF'S RETURN

STATE OF _____, COUNTY OF _____

ON THIS _____ DAY OF _____, 2005, AT _____ O'CLOCK ____.M., I HAVE DULY SERVED THE WITHIN
SUMMONS BY DELIVERING A COPY THEREOF (OR STATING THE SUBSTANCE THEREOF), TOGETHER WITH A COPY OF THE COMPLAINT
TO _____, SUCH PERSON BEING:  (CHECK APPLICABLE LINE)

____ THE PERSON NAMED HEREIN AS DEFENDANT.

____ ANY PERSON, 14 YEARS OR AGE OR OLDER AT DEFENDANT'S USUAL PLACE OF ABODE NAMELY, _____

____ THE DULY DESIGNATED AGENT FOR SERVICE OF PROCESS FOR THE DEFENDANT NAMELY, _____

____ OTHER _____

IN CARROLL COUNTY, ARKANSAS              _____, SHERIFF

                              BY_____ D.S.

EXHIBIT

1

*Received 12-12-05.*

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

NOV 2 8 2005

PLAINTIFF

**BOYD J. BUSH**

**vs.**                                    Case No. CV2005-135

**GOOD SHEPHERD HUMANE
SOCIETY, INC.**                                        **DEFENDANT**

## COMPLAINT

Comes now the Plaintiff, Boyd J. Bush, by and through his attorneys, Matthews, Campbell, Rhoads, McClure, Thompson, & Fryauf, P.A., and for his cause of action against the Defendant, Good Shepherd Humane Society, Inc., states as follows:

### I. Parties and Jurisdiction

1.     That the Plaintiff is a resident of Eureka Springs, Carroll County, Arkansas.

2.     That the Defendant is a not-for-profit corporation with its principal place of business in Eureka Springs, Carroll County, Arkansas.

3.     That this court has subject matter jurisdiction pursuant to Ark. Code §16-13-201(a) because this is an action for redress of a civil wrong.

4.     That venue is proper in this court pursuant to Section 16(E) of Act 649 of 2003 because Carroll County is where the act giving rise to this claim occurred.

### II. Statement of Facts

5.     That the Defendant, Good Shepherd Humane Society, Inc., offered the Plaintiff, Boyd J. Bush, a position as an independent contractor with the Defendant in May of 2005.

6.     That the Plaintiff accepted the Defendant's offer for services, and the

1

Plaintiff and the Defendant executed a Contract for Services on May 11, 2005, which set forth the terms of the relationship between the parties. A true and correct copy of the Contract for Services is attached hereto and incorporated herein as Exhibit A.

7. That the Contract for Services provided that the Plaintiff was to provide services to the Defendant for a term of three (3) years. The Contract for Services called for the Plaintiff's three-year term of services with the Defendant to commence on May 11, 2005, and end three (3) years thereafter.

8. That the Contract for Services provided that upon expiration of the initial three (3) year term, the Contract for Services automatically renewed on a month-to-month basis until terminated in accordance with the terms of the Contract for Services.

9. That the Contract for Services provided that the Plaintiff was to be paid a base salary by the Defendant of fifteen hundred ($1,500) dollars per month for providing twenty (20) hours of service a week, plus extra compensation at the rate of six ($6) dollars per hour for each hour of services performed beyond twenty (20) hours per week, plus reimbursement and benefits.

10. That the Contract for Services further provided that during the initial three (3) year term the Defendant could terminate the Contract for Services for "Cause." "Cause" is specifically defined as "a conviction of [Plaintiff] Boyd in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law." The Contract for Services further specified that "[n]o other circumstances or occurrence shall constitute "Cause" hereunder."

11. That the Contract for Services provided that if either Plaintiff or Defendant brings an action for breach or to otherwise enforce or interpret the Contract for Services

2

and obtains a judgment in its favor, the said party shall be entitled to recover all costs and expenses, including reasonable attorneys' fees.

12.    That the Defendant informed the Plaintiff in a letter, received by the Plaintiff on or about October 10, 2005, and signed by Gerald K. Crow on behalf of the Defendant, that the Defendant was terminating the Contract for Services between the Plaintiff and the Defendant. A true and correct copy of the termination letter is attached hereto and incorporated herein as Exhibit B.

13.    That the termination letter stated that the Plaintiff was terminated as a result of the Defendant's belief that the Plaintiff did "not meet the standards enumerated by the IRS [for independent contractors] and that continuation of the contract subjects our organization to possible adverse tax consequences."

14.    That the Defendant terminated the Plaintiff's services despite provisions in the Contract for Services stating that said contract could only be terminated for "Cause," specifically defined as "a conviction of [Plaintiff] Boyd in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law," and that "[n]o other circumstance or occurrence shall constitute "Cause" hereunder."

15.    That the Defendant terminated the Plaintiff's services with the Defendant without "Cause" and in direct violation of the specific cancellation provision of the Contract for Services, and as a direct result of that wrongful termination, the Plaintiff has suffered significant economic damages.

## III: Count One:  Breach of Contract

16.    That the Plaintiff restates and realleges each and every material fact and allegation contained in paragraphs 1-16 above.

3

17.   That the Plaintiff and the Defendant entered into a Contract for Services on May 11, 2005, in which both parties agreed that the terms contained therein represented the entire agreement between the Plaintiff and the Defendant with respect to the services relationship between the parties.

18.   That in addition to compensation of fifteen hundred ($1,500) dollars per month, the Contract for Services required the Defendant to compensate the Plaintiff at the rate of six ($6) dollars per hour for each hour worked above and beyond twenty (20) hours per week.

19.   That the Contract for Services allowed the Defendant to terminate said contract only for "Cause", and the Contract for Services specifically defined "Cause" as a conviction of [Plaintiff] Boyd in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law." The Contract for Services further specified that "[n]o other circumstances or occurrence shall constitute "Cause" hereunder."

20.   That the Defendant breached the Contract for Services on or about October 10, 2005 when it terminated said contract without "Cause."

21.   That the Plaintiff diligently and consistently fulfilled his obligations under the Contract for Services until said contract was terminated by the Defendant without "Cause."

22.   That the Defendant materially breached the Contract for Services when it wrongfully terminated the Contract for Services without "Cause" and in violation of the express provisions of said contract.

23.   That the Defendant's material breach of the Contract for Services deprived

4

the Plaintiff of the substantial benefit of his bargain as he was deprived of thirty-one (31) months of salary, plus extra compensation at the rate of six ($6) dollars per hour for each hour of services performed beyond twenty (20) hours per week, plus benefits.

24. That due to this breach of the Contract for Services by the Defendant, the Plaintiff is entitled to the full contract price of the thirty-one (31) months remaining in his initial three (3) year term at the time of the wrongful termination of the Contract for Services by the Defendant, plus benefits.

25. That the Plaintiff has used reasonable care, effort, and expenditure to mitigate the damages he suffered due to the Defendant's material breach of the Contract for Services.

26. That the Plaintiff is entitled to the total amount of wages he was to be paid from the date of his wrongful termination, October 10, 2005, through the remainder of his initial three (3) year term, ending on May 11, 2008, plus lost benefits, less any sum the Plaintiff has earned in mitigation.

27. That the conduct of the Defendant, as set forth herein, was intentional, improper, and malicious, and was not justified, privileged, or excusable, and as such, the Plaintiff should be awarded punitive damages in order to punish the Defendant for its intentional, improper, and malicious conduct and to deter others from engaging in similar conduct.

28. That the Plaintiff demands a jury trial.

WHEREFORE, the Plaintiff respectfully requests this Court to award the Plaintiff all unpaid wages for the remaining thirty-one months of his initial contract term, all additional compensation in an amount to be proven at trial, the value of any lost

5

benefits, less any sum the Plaintiff has earned in mitigation, for pre-judgment and post-judgment interest, punitive damages, as well as costs and attorneys' fees; and for all other relief to which Plaintiff may be entitled.

Respectfully submitted by:

BOYD J. BUSH

By: _____

Mary-Marsha Hardin, Plaintiff's Attorney
Arkansas Bar # 2001107
MATTHEWS, CAMPBELL, RHOADS, McCLURE,
THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, AR 72756-4525
(479) 636-0875  (479) 636-8150

6

# Exhibit A

# CONTRACT FOR SERVICES

This Contract for Services ("Contract") as made as of May ___//___, 2005, by and between Boyd J. Bush ("Bush"), an individual and resident of Eureka Springs, Arkansas, and The Good Shepherd Humane Society, Inc. ("GSHSI"), an Arkansas non-profit corporation with its principal place of business in Eureka Springs, Arkansas.

WHEREAS, GSHSI owns and operates several thrift stores that sell merchandise and is in need of a person to manage said locations as well as any others that may be opened in the near future; and

WHEREAS, Bush has agreed to manage said thrift stores on the terms and conditions set forth in this Contract.

It is therefore agreed as follows:

1. *Basic Agreement.* On the terms and conditions set forth in this Contract, Bush agrees to manage GSHSI's Eureka Springs thrift store and its Missouri thrift store, as well as any other thrift stores that GSHSI may open that are within a reasonable distance from Eureka Springs, Arkansas. The Eureka Springs store, the Missouri Store, and any such other stores are collectively referred to in this Contract as the "Stores." This Contract shall remain in full force and effect even if the Missouri thrift store or the Eureka Springs store closes.

2. *Term.* Subject to paragraph 5 below, this Contract shall be for a period of three years from the date of this Contract, provided that Bush shall be entitled to resign his employment at any time during the said three-year period as long as he gives two-weeks prior notice. Notwithstanding the foregoing, GSHSI shall be entitled to terminate this Contract for "Cause" during the said three year period. "Cause" is specifically defined as a conviction of Boyd in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law. No other circumstance or occurrence shall constitute "Cause" hereunder. Upon expiration of the initial three year term, this Contract shall automatically renew on a month-to-month basis on the same terms and conditions that are set forth herein except that GSHSI shall be entitled to terminate the Contract by giving Bush thirty days prior written notice. Bush shall remain entitled to terminate this Contract by giving GSHSI two weeks prior advance notice.

3. *Independent Contractor.* Bush shall at all times be an independent contractor and not a GSHSI employee. The parties acknowledge that GSHSI has no authority to manage or direct Bush's day to day actions and activities or the manner in which Bush carries out his obligations in this Contract, and GSHSI shall not attempt to manage or direct any such activities. Bush shall at all times be free to decide the specific times that he works in managing the Stores, the method and manner of managing the Stores, and all other things that are necessary in order to carry out his obligations herein. It setting those hours it is acknowledged that there will be times of up to

ORIGINAL

two weeks that Bush shall not be at the Stores while he is on vacation or doing other things, but such times shall not exceed a total of four weeks in any calendar year. Said "off times" shall still be paid and shall not count against Bush when determining whether he has worked 20 hours per week. The parties intend for said periods to be considered equivalent to "vacation periods" even though Bush is not an employee. It is the intent of the parties to this Contract that Bush shall have wide authority and discretion to carry out his duties hereunder and neither GSHSI nor any representative of GSHSI shall exercise or attempt to exercise any control over Bush except to generally monitor his performance of his duties as set forth below.

4. *Bush's Duties.* In managing the Stores, Bush shall have the following rights and duties:

(a) Recruiting, training, supervising, "hiring" and "firing" all volunteers, it being understood that there shall be no actual paid employees without the prior consent of GSHSI's board of directors;

(b) Contracting with utility service providers for the Stores;

(c) Collect and deposit all Stores' receipts, it being understood that Bush may delegate some of this responsibility from time to time;

(d) Making periodic reports to GSHSI's board of all receipts and expenditures of the Stores;

(e) Advertising, marketing and setting prices for all Stores' merchandise;

(f) Soliciting donations, it being understood that GSHSI and others shall also have the non-exclusive right to raise donations and Bush shall not be responsible for any outside fundraisers such as (but not limited to) style show, car washes, rabies clinic, parades, etc.;

(g) Entering into contracts for maintenance and/or repair of any buildings where any Stores may be located at GSHSI's expense, it being understood that any single repair or replacement that costs in excess of $1,000 shall have prior approval by GSHSI's board of directors;

(h) Investigating and acting on complaints against any of GSHSI's volunteers at or for any of the Stores;

(i) Purchase supplies to maintain and run the Stores;

(j) All other duties which are related or incidental to the day-to-day running of the Stores; and

(k) Investigate and report to GSHSI's board on any complaints against GSHSI's animal shelter or any volunteers or employees who work there, provided that GSHSI's board will be responsible for taking action, if warranted, on Bush's reports.

Bush shall be entitled to check writing privileges on one or more GSHSI bank accounts in order to carry out his obligations hereunder.

ORIGINAL

Page 2

**5.** *Compensation.* In exchange for Bush devoting not less than 20 hours per week towards the duties set forth in this Contract, but subject to Bush's "vacation periods" as described above, GSHSI shall pay Bush $1,500 per month, payable on the first day and fifteenth day of each and every month. Nothing in this Contract shall require Bush to work in excess of 20 hours per week. In the event that Bush deems it necessary to devote more than 20 hours per week towards the duties set forth in this Contract, he shall be entitled (but not required) to do so, up to a maximum of _40_ hours per week, and shall be compensated at the rate of $6.00 per hour of work actually performed in excess of 20 hours. Bush shall keep records of all hours worked that exceed 20 hours per week and shall submit those records to GSHSI, which shall compensate Bush for them in his next paycheck. Bush's attendance at any GSHSI board meeting or special meeting shall count as time worked for purposes of calculating Bush's compensation as set forth in this paragraph. GSHSI shall not withhold any payroll taxes or make any other withholdings from Bush's compensation.

**6.** *Other Reimbursement and Benefits.* In addition to Bush's compensation as set forth in paragraph 5 above, GSHSI shall reimburse Bush for all expenditures he makes for supplies, operational expenditures, advertising, utilities, training expenses, fixtures, and all other expenditures that are for the benefit of or related to the Stores. GSHSI shall provide and maintain petty cash of not less than $125 at each Store so as to minimize Bush having to spend personal money on Store-related items. Bush shall also be reimbursed at the rate of 36 cents per mile on a bi-weekly basis for all miles driven by him while performing the services set forth in this Contract. GSHSI shall also reimburse Bush 100% of all repairs or replacements to any of Bush's personal property that result from or are related to or occur when performing any of the services set forth in this Contract. GSHSI shall also reimburse Bush 100% of all charges for medical services or supplies that Bush incurs that result from or are related to or occur when performing any of the services set forth in this Contract. Finally, GSHSI shall indemnify Bush for and hold Bush harmless from all costs, damages, amounts and expenditures (including without limitation attorney's fees and court costs) that Bush incurs in connection with or that arising out of, either in whole or in part, Bush performing any of the services set forth in this Contract.

**7.** *Illness or Disability.* In the event of Bush's illness, short-term disability or other circumstances which completely prevents Bush from fulfilling all of his duties under this Contract for a continuous period of more than three weeks but less than six months, Bush shall still be paid all compensation that would otherwise be due to him as set forth herein, if the illness, short-term disability or other circumstances was caused, either in whole or in part, or arises out of, either in whole or in part, performance of any duties under this Contract. If said illness, short-term disability or other circumstances was wholly caused by other reasons, Bush's compensation shall be suspended until such time as he begins performing services again hereunder. If any such illness, short-term disability or other circumstance completely prevents Bush from fulfilling all of his duties hereunder for a continuous period of more than six months, GSHSI shall be entitled to terminate this contract upon 30 days written notice after the expiration



of the said six month period, it being understood that Bush shall be paid during the full six-month period.

8. *No Assignment.* This Contract may not be assigned either in whole or in part without the prior written consent of the other party.

9. *Costs of Enforcement.* In the event that either party to this Contract brings an action for breach or to otherwise enforce or interpret any of the terms of this Contract and shall obtain a judgment in its favor, then said party shall be entitled to recover all costs and expenses incurred, including reasonable attorney's fees.

10. *Joint Preparation.* It is acknowledged that this Contract was prepared by Lisle Law Firm, P.A. in connection with its representation of Bush, only. Subject to the foregoing, the parties desire that this Contract not be interpreted for or against either one of them merely because of its role in drafting it. It is the desire and intent of the parties that this Contract be interpreted as if both parties played an equal role in its preparation.

11. *Governing Law and Venue.* Arkansas law shall govern the interpretation and enforcement of this Contract. Any and all litigation that pertains to this Contract in any way shall be brought exclusively in the Western District of Carroll County, Arkansas.

We hereby agree to the terms of this Contract as of the date written above.

The Good Shepherd Humane Society, Inc., by

_____
Authorized Representative

_____
Authorized Representative

Boyd J. Bush          5-11-05

**[ORIGINAL**

Page 4

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

BOYD BUSH ............................................................................................... PLAINTIFF

VS. ....................................................CIV 2005-135.........................................................

GOOD SHEPHERD HUMANE SOCIETY ............................................ DEFENDANT

ANSWER AND MOTION TO CONSOLIDATE

Comes now the Defendant, Good Shepherd Humane Society, by and through its

attorney, Gerald K. Crow, Attorney at Law, PLC, and for its Answer, states:

1.     That Defendant admits Paragraph number one of Plaintiff's Complaint.

2.     That Defendant admits Paragraph number two of Plaintiff's Complaint.

3.     That Defendant admits that this Court has subject matter jurisdiction, but

denies the remainder of Paragraph number three of Plaintiff's Complaint.

4.     That Defendant admits Paragraph number four of Plaintiff's Complaint.

5.     That Defendant admits the allegation in Paragraph number 5 of Plaintiff's

Complaint but pleads in the alternative that the position and contract were entered into by

the previous Board of Directors who were subsequently voted out of office by the general

membership and that the previous Board should be held jointly and individually

responsible for any damages awarded on the contract.

6.     That Defendant admits the allegations in paragraph number six (6) of the

Complaint in that Plaintiff accepted an offer from the previous Board of Directors offer

for services which the current Board contends was illegal.

7.   Defendant states that the allegation contained in paragraph number seven (7), eight (8), nine (9) ten (10) and eleven (11) of the Complaint recites terms contained in the Contract which speaks for itself and does not require to be admitted or denied.

8.   That the Defendant admits Paragraph number twelve (12) of Plaintiff's Complaint.

9.   That the Defendant admits Paragraph number thirteen (13)of Plaintiff's Complaint.

10.   That the Defendant admits Paragraph number fourteen(14) of Plaintiff's Complaint.

11.   That Defendant denies Paragraph number fifteen (15) of Plaintiff's Complaint.

12.   That Defendant denies Paragraph number seventeen (17) of Plaintiff's Complaint in that the Defendant named herein, did not enter into a contract with Plaintiff, but that Plaintiff entered into a contract with select board members and not by the vote of the members.

17.   That the statements in paragraph number eighteen (18) and nineteen (19) recite provisions of the Contract which speaks for itself and does not require admission or denial.

18.   That Defendant denies Paragraph number twenty (20) of Plaintiff's Complaint.

19.   That Defendant does not have sufficient information at this time to admit or deny Paragraph number twenty-one (21) of Plaintiff's Complaint and reserves the right to amend this Answer upon the completion of discovery. Pleading in the

alternative, the Plaintiff's performance is not relevant under the terms of an illegal contract.

20.    That Defendant denies Paragraph number twenty-two (22), twenty three (23), twenty four (24), twenty five (25), twenty six (26) and twenty seven (27) of Plaintiff's Complaint.

WHEREFORE, PREMISES CONSIDERED, THE DEFENDANT moves this Court to dismiss the Complaint filed herein and for all other relief to which it may be entitled.

## MOTION FOR CONSOLIDATION

Pursuant to and in accordance with A.R.C.P. 42, Defendant, Good Shepherd Humane Society submits this Motion to Consolidate.

1.    On October 10, 2005 , The Bank of Eureka Springs, Arkansas filed a Complaint in the Circuit Court of Carroll County, Arkansas, No. CIV 2005-103, seeking a declaratory judgment with regard to monies being held by the Bank of Eureka Springs. That in response thereto on October 14, 2005 the Good Shepherd Humane Society, Inc. filed a Motion to Intervene and Answer to the Motion for Declaratory Judgment.

2. That on December 9, 2005 the Good Shepherd Humane Society, Inc. caused the Motion for Declaratory Judgment, Motion to Intervene and Answer on Mr. Marty Martinek, the previous president of the Board of Directors of the Good Shepherd Humane Society, Inc. and former Registered Agent for the Corporation.

That Mr. Boyd Bush was also served a copy of the aforesaid documents by Certified Mail on December 6, 2005.

3. On November 28, 2005, Boyd Bush and Mary Rein filed Complaints against The Good Shepherd Humane Society, Inc. in the Circuit Court of Carroll County, Arkansas, Nos. CIV 2005-135 and CIV 2005-134, in which they claim Breach of Contract against the Good Shepherd Humane Society, and in which they seek an unspecified amount of damages.

3. The causes of action are of a like nature, involve the same defendant, involve the same plaintiffs and involve the same attorneys. In order to prevent multiplicity of suits, to conserve the time of the Court, to eliminate unnecessary expense on the part of the county and on the part of the parties and for the fair administration of justice, this Court should consolidate Carroll County Circuit Court Case No. CIV 2005-103, Carroll County Circuit Court Case No. CIV 2005-134 and Carroll County Court Case No. CIV 2005-135.

WHEREFORE, DEFENDANT, GOOD SHEPARD HUMANE SOCIETY PRAYS Plaintiff's Complaint be dismissed, for costs and reasonable attorney's fees, and for all other just and proper relief to which Defendant may be entitled; Defendant further Prays that this Court consolidate Cases CIV 2005 – 103, styled The Bank of Eureka Springs vs. Marty Martinek, Body Bush, Shirley Tinkis, Carter Rein, Marilyn Stockwell, Maggie Tatum, Sharon Jacobson and David Rush, as Previous Board Members of the Good Shepherd Humane Society, Inc., CIV 2005-134 styled Mary Rein vs. Good

Shepherd Humane Society, Inc. and CIV 2005-135, styled Boyd Bush vs. Good Shepherd

Humane Society, for trial, and for all other necessary and proper relief.


Respectfully submitted:

The Good Shepherd Humane Society, Inc.


BY: _____

Gerald K. Crow        ABN 90100
Attorney At Law, PLC
203 Public Square
P.O. Box 129
Berryville, AR  72616
(870) 423-4664
(870) 423-3733  FAX

## CERTIFICATE OF SERVICE

I, Gerald K. Crow, hereby certify that I have caused a true and correct copy of the foregoing Answer and Motion to Consolidate to be served upon opposing counsel by placing same in the U.S. Mail, postage prepaid this ____ day of December, 2005, to:

Ms. Mary-Marsha Hardin
MATTHEWS, CAMPBELL, RHOADS,
McCLURE, THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, AR  72756-4525

Mr. Scott P. Harrison
The Harrison Law Firm
2928 McKee Circle, Suite 121
Fayetteville, AR  72703

Mr. Gene A. Franco
LISLE LAW FIRM, P.A.
1458 Plaza Place, Suite 101
Springdale, AR  27264-5273

J. Christopher Harris
Attorney at Law
224 South 2nd St.
Rogers, AR 72756

Gerald K. Crow

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

BOYD J. BUSH                                                                    **PLAINTIFF**

vs.                                            Case No. CIV-2005-135

GOOD SHEPHERD HUMANE
SOCIETY, INC.                                                                  **DEFENDANT**


PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO CONSOLIDATE

Comes now the Plaintiff, Boyd Bush, by and through his attorneys, Matthews, Campbell, Rhoads, McClure, Thompson, & Fryauf, P.A., and for his Objection to the Motion to Consolidate filed by the Defendant, Good Shepherd Humane Society, Inc., states as follows:

1.     That the Plaintiff does not have sufficient information at this time to admit or deny the allegations contained in Paragraph 1 of the Defendant's Motion to Consolidate as the Plaintiff's counsel has not yet been provided with copies of such alleged pleadings.

2.     That the Plaintiff does not have sufficient information at this time to admit or deny the allegation contained in Paragraph 2 of the Defendant's Motion to Consolidate regarding when and if Mr. Marty Martinek was served with the Motion for Declaratory Judgment, Motion to Intervene and Answer. The Plaintiff admits that he was served with a copy of the Cross Petition filed in Carroll County Circuit Court Case No. CIV 2005-103 on or about December 6, 2005, by Certified Mail.

3.     That the Plaintiff admits the allegations contained in Paragraph 3 of the Defendant's Motion to Consolidate.

1

4. That the Plaintiff denies the allegations contained in Paragraph 4 of the Defendant's Motion to Consolidate. The Complaint filed by the Plaintiff against the Defendant on November 28, 2005, is strictly limited to the issue of the Defendant's breach of the Contract for Services entered into by the Plaintiff and the Defendant on May 11, 2005. The Plaintiff is not a party to and is uninvolved with Carroll County Circuit Court Case No. CIV 2005-134, and the issues involved in the present case and in Carroll County Circuit Court Case No. CIV 2005-103 do not involve the same issues of law or fact. The issues involving the procurement, authorization, execution, and delivery of the Mortgage filed with the Clerk of the Carroll County Circuit Court on October 3, 2005, are wholly unrelated to the issues involving the Defendant's breach of the Plaintiff's Contract for Services.

5. The claims involved in the present case and in Carroll County Circuit Court Cases No. CIV 2005-103 and No. CIV 2005-134 are different and distinct. To consolidate these cases which contain wholly different and distinct claims would serve only to confuse the issues and the jury; thereby prejudicing the Plaintiff and undermining the purpose of Arkansas Rule of Civil Procedure No. 42.

WHEREFORE, in order to avoid undue prejudice, the Plaintiff respectfully requests that this Court deny the Defendant's Motion to Consolidate the present case with Carroll County Circuit Court Cases No. CIV 2005-103 and No. CIV 2005-135 and for all other relief to which Plaintiff may be entitled.

Respectfully submitted by:


BOYD BUSH, Plaintiff


2                                          ⊗

By: _____
Mary-Marsha Hardin, His Attorney
Arkansas Bar # 2001107
MATTHEWS, CAMPBELL, RHOADS, McCLURE,
THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, AR 72756-4525
P: (479) 636-0875  F: (479) 636-8150

## CERTIFICATE OF SERVICE

I, Mary-Marsha Hardin, attorney for Plaintiff in the above entitled cause, hereby certify that I have served a true and correct copy of the above and foregoing pleading upon the following on this 5th day of January, 2006, by placing same in the United States mail, postage prepaid:

Mr. Gerald K. Crow
Attorney at Law, PLC
203 Public Square
P.O. Box 129
Berryville, AR 72616

Mr. Scott Harrison
The Harrison Law Firm
2928 McKee Circle
Suite 121
Fayetteville, AR 72703

Mr. Gene Franco
Lisle Law Firm, P.A.
1458 Plaza Place
Suite 101
Springdale, AR 72764-5273

J. Christopher Harris
Attorney at Law
224 South 2nd Street
Rogers, AR 72756

_____
Mary-Marsha Hardin

3



19TH JUDICIAL DISTRICT - EAST
## STATE OF ARKANSAS
## CARROLL COUNTY
124 NORTH MAIN • P.O. DRAWER 231
BERRYVILLE, AR 72616

ALAN D. EPLEY
CIRCUIT JUDGE

TELEPHONE: (870) 423-7131
FAX: (870) 423-5824

January 26, 2006

Ms. Mary-Marsha Hardin
Matthews, Campbell, Rhoads,
   McClure, Thompson & Fryauf
119 South Second Street
Rogers, AR 72756-4525

Mr. Gerald K. Crow
Attorney at Law
P. O. Box 129
Berryville, AR 72616

Re:   Rein v. Good Shepherd Humane Society, Inc.
      Carroll Circuit (WD) No. CV 2005-134

      Bush v. Good Shepherd Humane Society, Inc.
      Carroll Circuit (WD) No. CV 2005-135

## NOTICE

The above referenced matters are hereby scheduled for a hearing on the motion to
consolidate on March 14, 2006, at 9:00 A.M., or as soon thereafter as the docket will
allow, at the Western District Courthouse in Eureka Springs, Arkansas. Please notify all
necessary parties to be present. Should you have a conflict with this setting, please
advise as soon as possible.

Sincerely yours,

Vicki J. Kell-Schneider
Trial Court Assistant

cc:   Court file



19TH JUDICIAL DISTRICT · EAST

# STATE OF ARKANSAS
# CARROLL COUNTY
124 NORTH MAIN · P.O. DRAWER 231
BERRYVILLE, AR 72616

ALAN D. EPLEY
CIRCUIT JUDGE

TELEPHONE: (870) 423-7131
FAX: (870) 423-5824

March 13, 2006

Mr. Gerald K. Crow                    Fax: 870-423-3733
Attorney at Law
P. O. Box 129
Berryville, AR 72616

Ms. Mary-Marsha Hardin                Fax: 479-636-8150
Matthews, Campbell, Rhoads,
 McClure, Thompson & Fryauf
119 South Second Street:
Rogers, AR 72756-4525

Mr. Gene A. Franco                    Fax: 479-751-6792
Lisle Law Firm, P.A.
1458 Plaza Place, Suite 101
Springdale, AR 72764-5273

Re:   Rein v. Good Shepherd Humane Society, Inc.
      Carroll Circuit (WD) No. CV 2005-134

      Bush v. Good Shepherd Humane Society, Inc.
      Carroll Circuit (WD) No. CV 2005-135

Dear Attorneys:

The hearing on the motion to consolidate scheduled in the above matters for March 14, 2006, is vacated. Please notify all parties. Be advised that the matter will be rescheduled for a later date.

Sincerely yours,

Vicki J. Kell-Schneider
Trial Court Assistant

cc:   Scott Harrison



# IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

**BOYD J. BUSH**                                              **PLAINTIFF**

**vs.**                     **Case No. CIV-2005-135**

**GOOD SHEPHERD HUMANE**
**SOCIETY, INC.**                                        **DEFENDANT**

## MOTION TO WITHDRAW AS ATTORNEY FOR PLAINTIFF

Comes now Mary-Marsha Hardin of Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A., and moves that she be allowed to withdraw as attorney for the Plaintiff, Boyd J. Bush, and in support thereof states:

1. That the law firm of Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A., agreed to represent Mr. Boyd Bush with regard to the above-referenced matter and filed a Complaint on his behalf on November 28, 2005.

2. That the Plaintiff had also retained Gene Franco of the Lisle Law Firm in Springdale, Arkansas with regard to Carroll County Circuit Court Case No. CIV-2005-103. Mr. Franco filed an Answer on behalf on Mr. Bush in that matter in December of 2005.

3. That on December 28, 2005, the Defendant filed a Motion to Consolidate the present matter with Carroll County Circuit Court Case No. CIV-2005-103. The law firm of Matthews, Campbell, Rhoads, McClure, Thompson, & Fryauf, P.A. filed an Objection to the Defendant's Motion on January 6, 2006, on behalf of Mr. Bush.

1

4. That on March 14, 2006, this Court was scheduled to hear the Defendant's Motion to Consolidate the present case with Carroll County Circuit Court Case No. CIV-2005-103, but that hearing has been continued.

5. That in order to avoid Mr. Bush being represented by multiple law firms, the law firm of Matthews, Campbell, Rhoads, McClure, Thompson, & Fryauf, P.A., hereby requests that this Court allow it to withdraw as counsel for the Plaintiff in the present case so that Mr. Gene Franco and the Lisle Law Firm may represent Mr. Bush with regard to both cases. Mr. Bush and Mr. Franco have no objection to the present Motion.

6. That Mr. Gene Franco has agreed to represent the Plaintiff in both cases, and the law firm of Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A. has tendered to Mr. Gene Franco, via mail, all papers and property to which the Plaintiff is entitled.

7. That the law firm of Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A. has not been paid any fee from the Plaintiff.

WHEREFORE, Mary-Marsha Hardin for the law firm of Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A. hereby moves that they immediately be allowed to withdraw as counsel for the Plaintiff, Boyd J. Bush.

Respectfully submitted by:

Mary-Marsha Hardin
Arkansas Bar No. 01107
MATTHEWS, CAMPBELL, RHOADS, McClure,
THOMPSON & FRYAUF, P.A.
119 South Second Street
Rogers, Arkansas 72756
(479)636-0875

2

## CERTIFICATE OF SERVICE

I, Mary-Marsha Hardin, state that I have on this 29th day of March, 2006, delivered, via mail, a true and correct copy of the above and foregoing instrument to the attorney for the Plaintiff, Gene A. Franco, 1458 Plaza Place, Suite 101, Springdale, AR 72764-5273, and to the attorney for the Defendant, Gerald K. Crow, 203 Public Square, P.O. Box 129, Berryville, AR 72616.

_____
Mary-Marsha Hardin

3



IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

BOYD J. BUSH                                                              **PLAINTIFF**

vs.                              Case No. CIV-2005-135 ₩D

GOOD SHEPHERD HUMANE
SOCIETY, INC.                                                            **DEFENDANT**

### ORDER ALLOWING WITHDRAWAL AS ATTORNEY FOR PLAINITIFF

Now on this ___7___ day of _Qhpuil_, 2006, the Motion To Withdraw As Attorney For Plaintiff, comes on for hearing, and the Court, being fully advised in the premises, finds:

1.     That in order to avoid multiplicity of representation of the Plaintiff in Carroll County Circuit Court Cases CIV-2005-135 and CIV-2005-103, the law firm of Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A., has requested that it be allowed to withdraw as counsel for the Plaintiff; thereby, allowing Mr. Gene Franco and the Lisle Law Firm to act as sole counsel for the Plaintiff in both cases.

2.     That the law firm of Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A. has tendered to Mr. Gene Franco all papers and property to which the Plaintiff is entitled.

3.     That the law firm of Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A. has not been paid any fee from the Plaintiff.

4.     That the Motion To Withdraw As Attorney For Plaintiff should be granted.

1

IT IS THEREFORE ORDERED AND ADJUDGED by the Court that Mary-Marsha

Hardin for the law firm of Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf,

P.A. be, and hereby is, allowed to withdraw as counsel for the Plaintiff, Boyd J. Bush.

Honorable Alan D. Epley
Carroll County Circuit Court Judge

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

BOYD J. BUSH                                                    PLAINTIFFS

VS.                                    NO. CIV 2005-135

GOOD SHEPHERD HUMANE SOCIETY, INC.                DEFENDANT

## NOTICE OF INTERROGATORIES AND
## REQUEST FOR PRODUCTION
## PROPOUNDED BY PLAINTIFFS

For all concerned parties, you are hereby notified that on this 21st day of April

2006, I caused to be mailed to Gene A. Franco, Attorney for Plaintiff herein, a set of

Interrogatories which totaled Thirty One (31) in number.

Respectfully submitted this 21st day of April, 2006.

Good Shepherd Humane Society, Inc,
Defendant

By: _____
      Gerald K. Crow      ABN 90100
      Attorney At Law, PLC
      03 Public Square
      P.O. Box 129
      Berryville, AR 72616
      (870) 423-4664
      (870) 423-3733  FAX

FILED
Ram......Wilson
APR 2 4 2006
CARROLL COUNTY
WESTERN DISTRICT

## CERTIFICATE OF SERVICE

I, Gerald K. Crow, hereby certify that I have served a true and correct copy of the above and foregoing Notice of Interrogatories, by placing same in the U. S. Mail, postage prepaid, this 21st day of April, to:

Gene A. Franco
Lisle Law Firm
1458 Plaza Place
Suite 101
Springdale, AR 72764-5273

_____
GERALD K. CROW

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

**BOYD J. BUSH**                                                          **PLAINTIFF**

vs.                                        **Case No. CV 2005-135**

**GOOD SHEPHERD HUMANE SOCIETY, INC.**                     **DEFENDANT**

## AMENDED COMPLAINT IN FORECLOSURE

COMES NOW the Plaintiff herein, Boyd J. Bush ("Bush"), by and through his undersigned attorney, and for his Amended Complaint in Foreclosure, respectfully states and alleges as follows:

1.      That Plaintiff re-states and re-alleges each and every material fact contained in the original Complaint filed in this Court on November 28, 2005.

2.      The real estate that is the subject of this Amended Complaint in Foreclosure is located in Carroll County, Arkansas.

3.      This Court has jurisdiction over the parties and the subject matter; and, further, venue is proper in this Court.

4.      On or about October 3, 2005, Good Shepherd Humane Society, Inc. ("GSHS"), by and through its president, Marty Martinek, signed a Promissory Note (the "Note"), a true and correct copy of which is attached to this pleading as Exhibit "A" and incorporated by reference herein. Said note obligated Defendant to repay $40,000 at 9% (Nine Percent) interest at the rate of $405.71 per month, beginning on November 3, 2005.

5.      On or about October 3, 2005, GSHS, by and through its president, Marty Martinek, signed a Mortgage with Power of Sale, (the "Mortgage") to secure the said Note, a true

Page 1 of 4

and correct copy of which is attached to this pleading as Exhibit "B" and incorporated by reference herein.

6.      Said Mortgage pertained to certain real property (the "Property"), more specifically described as follows:

> A PART OF THE SW ¼, SW ¼, SECTION 15, TOWNSHIP 20 NORTH, RANGE 26 WEST, CARROLL COUNTY, ARKANSAS, MORE PARTICULARLY DESCRIBED AS FOLLOWS: FROM THE NW CORNER OF SAID SW ¼, SW ¼, SECTION 15, T-20-N, R-26-W, RUN SOUTH 125 FEET FOR A POINT OF BEGINNING; THENCE EAST 150.00 FEET; THENCE S 08° 42' 46" W 169.00 FEET TO A POINT ON THE NORTH RIGHT-OF-WAY OF U.S. HIGHWAY 62; THENCE N 69° 16' 58" W 133.00 FEET ALONG SAID RIGHT-OF-WAY; THENCE NORTH 120 FEET TO THE POINT OF BEGINNING CONTAINING 0.46 ACRES MORE OR LESS.

7.      On or about June 23, 2006, Bush gave notice by certified mail of its intent to file a lien on the Property if all amounts owed to Bush were not paid in full by July 14, 2006.  See Exhibit "C" attached hereto and incorporated herein by reference.

8.      On or about July 20, 2006, Bush filed his "Notice of Lien" (the "Lien") on the Property as shown by Exhibit "D" attached hereto and incorporated herein by reference.

9.      Defendant has failed and refused to pay and made no payments to Plaintiff as required by the Note.

10.      GSHS has defaulted in its obligation to repay the amount in the Note that pertains to the Property.  Payment has been demanded and refused.  Bush is entitled to foreclose on the Mortgage and Lien and obtain judgment against GSHS and against the Property in the amount of $40,000, plus interest, costs and attorney's fees.  All conditions precedent to Bush's right to foreclose the Mortgage and Lien have been met.

11.      The Lien constitutes a first and exclusive lien on the Property and all improvements located thereon, superior to any legal or equitable interest of anyone else whose

interest attaches after Bush's *lis pendens* is filed with the Carroll County Circuit Clerk concerning the Property.

12.  Alternatively, GSHS has been unjustly enriched in the amount of $40,000 in that these funds were owed to Bush pursuant to the terms of the Note and Bush has not been paid anything on the Note.

WHEREFORE, premises considered, Boyd J. Bush prays for the following relief:

(a)  Judgment against Good Shepherd Humane Society, Inc. and against the Property described above, *in rem*, for $40,000 plus interest, costs and attorney's fees;

(b)  That the court declare that such indebtedness set forth in (a) above, and accrued interest, costs, expenses and fees is secured by Bush's Mortgage and Lien on the Property referred to above, and that Bush's Lien be declared a valid first and exclusive lien upon and against the Property, superior to the interest of the defendant named herein or any other person or entity whose rights attach after Bush files his *lis pendens* against the Property with the Carroll County Circuit Clerk;

(c)  That, if the judgment is not paid in full within 10 days of being filed with the Circuit Clerk of this Court, the Property should be sold under foreclosure sale, free and clear of any and all liens and encumbrances, as provided by law to satisfy the judgment and costs herein (including attorney's fees), and that the proceeds of such sale should be applied to the cost of this proceeding and Bush's judgment, and the excess, if any, to be paid to others as their interests may be determined by this court at some later date;

(d)  That in such foreclosure sale, all the right, title or interest of any and all of the parties to this case and all other persons or entities whose rights attach after this pleading is filed with the Circuit Clerk should be foreclosed and forever barred, and the purchaser at said sale

should be decreed to have the right to immediate possession and writ of assistance to force delivery of possession if necessary;

(e)     Alternatively, for judgment against Good Shepherd Humane Society, Inc. for $40,000 plus interest, costs, and attorney's fees; and

(f)     That Bush receive any and all other relief to which he may prove himself entitled.

DATED this ___20___ day of ___J___ 2006.

Respectfully submitted for the Plaintiff, Boyd J. Bush,

By: _____

Gene A. Franco, ABA # 94197
Attorney for Plaintiff

LISLE LAW FIRM, P.A.
1458 Plaza Place, Suite 101
Springdale, AR   72764-5273
(479) 750-4444
(479) 751-6792 (facsimile)


## CERTIFICATE OF SERVICE

I hereby certify that I have delivered a true and correct copy of the foregoing document to the attorneys of record of all parties hereto by placing same in an envelope, First Class Postage Prepaid, addressed to Hon. Gerald K. Crow, 203 Public Square, Berryville, AR  72616; and placing said envelope in the U.S. Mail on this ___20___ day of ___J___ 2006.

_____

Gene A. Franco

Page 4 of 4

## PROMISSORY NOTE

$40,000.00

Eureka Springs, Arkansas
October 3, 2005

      FOR VALUE RECEIVED, the receipt of which is hereby acknowledged, the undersigned, GOOD SHEPHERD HUMANE SOCIETY, INC. promises to pay to the order of BOYD J. BUSH, at the above named place (or at such other place as may be directed by Payee), the sum of Forty Thousand and 00/100 Dollars ($40,000.00), with interest thereon from the date above until maturity or default at the rate of nine percent (9%) per annum, and thereafter until paid at the rate of nine percent (9%) per annum, principal and interest due and payable as follows:

      In 180 equal monthly payments of Four Hundred Five and 71/100 Dollars ($405.71), with the first of such installments becoming due and payable on November 3, 2005, and a like installment becoming due and payable on the third (3rd) of each succeeding month until the entire indebtedness, including all accrued interest, has been paid in full.

      The Makers herein may, at their option, prepay the whole or any part of this Note without penalty, and on the part so paid the running of interest shall stop at the date of payment.

      In the event of default in the payment of any installment, or any part thereof, or extension or renewal thereof, when due, the holder of this indebtedness shall have the option to declare the entire indebtedness to be immediately due and payable and the same shall thereafter bear interest at the rate of nine percent (9%) per annum until paid. Notice of the exercise of the option to declare payment due in full is hereby waived. No delay in the exercise of such option shall be construed as a waiver of such right; such option may be exercised upon any subsequent default.

      The undersigned agrees to indemnify the holder of this note for all attorneys' fees which are incurred for services actually rendered in the collection of this note, provided such fee shall not exceed ten percent (10%) of the principal indebtedness plus accrued interest.

      The makers, endorsers, guarantors, and sureties executing this note severally waive presentment for payment, notice of nonpayment and protest, and any and all defenses which they may have for any extension of time of payment which may be given by the holder of this indebtedness to any of the undersigned, or to any other person assuming payment thereof.

1



EXHIBIT

A

This Note is secured by a mortgage on real property in Carroll County, Arkansas.

GOOD SHEPHERD HUMANE SOCIETY, INC.

By: _____

MARTY MARTINEK, President

2

223-611

2:43 FILED FOR RECORD _____ P .M.
___ O'CLOCK
RAMONA WILSON
CLERK & RECORDER
CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

OCT 03 2005

I CERTIFY THIS INSTRUMENT WAS FILED
FOR RECORD IN MY OFFICE AND 223
RECORDED IN ____ BOOK ____
____ CIRCUIT CLERK

## MORTGAGE

### With Power of Sale

KNOW ALL MEN BY THESE PRESENTS:

That GOOD SHEPHERD HUMANE SOCIETY, INC., hereinafter referred to herein as Mortgagor, for and in consideration of the sum of One Dollar ($1.00) and other valuable consideration unto us in hand paid and the premises hereinafter set forth, do hereby grant, bargain, sell, and convey unto BOYD J. BUSH, hereinafter referred to herein as Mortgagee, and unto his heirs and assigns forever, the following real estate located in Carroll County, Arkansas, to-wit:

**A PART OF THE SW 1/4, SW 1/4, SECTION 15, TOWNSHIP 20 NORTH RANGE 26 WEST, CARROLL COUNTY, ARKANSAS, MORE PARTICULARLY DESCRIBED AS FOLLOWS: FROM THE NW CORNER OF SAID SW 1/4, SW 1/4, SECTION 15, T-20-N, R-26-W, RUN SOUTH 125 FEET FOR A POINT OF BEGINNING; THENCE EAST 150.00 FEET; THENCE S 08° 42' 46" W 169.00 FEET TO A POINT ON THE NORTH RIGHT-OF-WAY OF U.S. HIGHWAY 62; THENCE N 69° 16' 58" W 133.00 FEET ALONG SAID RIGHT-OF-WAY; THENCE NORTH 120 FEET TO THE POINT OF BEGINNING CONTAINING 0.46 ACRES MORE OR LESS.**

AND WHEREAS, said Mortgagor hereby agrees with the Mortgagee that Mortgagor will keep the improvements, if any, on said land in good repair and constantly insured by some company satisfactory to said Mortgagee for the sum equal to Mortgagee's insurable interest in said improvements and the policies containing a standard "loss payable" clause in favor of Mortgagee for further security of said note with full power to demand, receive, and collect all monies becoming payable thereupon and apply the same toward the payment of said indebtedness; and in case of failure or neglect of said Mortgagor to purchase adequate insurance coverage, the Mortgagee are hereby authorized to do so, and all sums so paid by Mortgagee shall bear interest of ten percent (10%) per annum from that time until repaid, and shall be fully secured by this mortgage.

To have and to hold the same unto the said Mortgagee and its successors and assigns forever, together with all and singular the appurtenances and improvements thereunto belonging; and Mortgagor hereby covenants with



EXHIBIT

B

223-612

the said Mortgagee to forever warrant and defend the title of said property against all lawful claims; and Mortgagor hereby releases all right of dower, curtesy, and homestead in and to the same.

This sale is on the condition that Mortgagor is justly indebted unto the said Mortgagee in the sum of FORTY THOUSAND and 00/100 DOLLARS ($40,000.00), evidenced by a promissory note of Mortgagor for said sum executed this date.

If all or any part of the property or interest herein is sold or transferred by Mortgagor without Mortgagee's prior written consent, Mortgagee may, at Mortgagee's option, declare all the sums secured by this Mortgage to be immediately due and payable.

Now, if Mortgagor shall pay said monies, at the times and in the manner aforesaid, then the above conveyances shall be null and void. And in the case of non-payment, then the said Mortgagee or its assigns, agent, or attorney in fact shall have power to sell said property at public sale to the highest bidder for cash at the front door of the Courthouse in the City of Eureka Springs, County of Carroll, and State of Arkansas, public notice of the time and place of said sale having been first given thirty (30) days by advertising in some newspaper published in said County, or by ten (10) printed handbills posted in ten (10) public places in said County, at which sale the said Mortgagee or its assignee to convey said property to anyone purchasing at said sale; and the recitals of this deed of conveyance shall be taken as prima facie true. And the proceeds of said sale shall be applied first to the payment of all costs and expenses attending said sale; second to the payment of said debt and interest; and the remainder, if any, shall be paid to said Mortgagor.

And I hereby expressly waive all right of redemption or appraisement of said property in case this Mortgage is foreclosed either by order of court or by power contained in this Mortgage.

Witness my hand and seal this 3rd day of October 2005.

GOOD SHEPHERD HUMANE SOCIETY, INC.

By: _____

MARTY MARTINEK, President

223-613

## ACKNOWLEDGMENT

STATE OF ARKANSAS    )
                              ) ss:

COUNTY OF CARROLL   )

BE IT REMEMBERED, that on this day before me, the undersigned Notary Public, duly qualified and acting in and for the County and State aforesaid, personally appeared MARTY MARTINEK, to me well known as the President of the Mortgagor in the foregoing Mortgage, and stated that he had executed the same for the consideration and purpose therein mentioned and set forth.

WITNESS my hand and seal as such Notary Public this 3rd day of October 2005.

_____
Notary Public

My commission expires:

Dec 17, 2013

AUTUMN HUDGINS   Notary Public
Washington County  State of Arkansas
My Commission Expires Dec. 17, 2013

Prepared by:        Keith, Miller, Butler & Webb, PLLC
                    224 South Second Street
                    Rogers, Arkansas 72756

Return to:_____

COPY



## LISLE LAW FIRM, P.A.

JOHN LISLE (of counsel)
CHRIS LISLE
DONNIE RUTLEDGE
STEVE LISLE

1458 Plaza Place, Suite 101
Springdale, AR 72764-5273
479-750-4444
Fax 479-751-6792

JAN THORNTON
JIM HATCHER
J. TRAIL ROGERS
ROBERT D. BRANDON
DOROTHYANNE BARRY
GENE A. FRANCO

June 23, 2006

CERTIFIED MAIL/RESTRICTED DELIVERY
RETURN RECEIPT REQUESTED
NO. 7005-1820-0005-1987-3864

Mr. John Reeve, President
Good Shepherd Humane Society, Inc.
P. O. Box 285
Eureka Springs, AR  72632

Re:   Promissory Note and Mortgage to Boyd Bush

Dear Mr. Reeve:

On October 3, 2005, the president of the Good Shepherd Humane Society, Inc. signed a promissory note agreeing to pay Mr. Boyd Bush the sum of $40,000 bearing interest at the rate of Nine Percent (9%) per annum. This Note was secured by a Mortgage on certain real property owned by Good Shepherd Humane Society, Inc. and was duly recorded with the Carroll County Circuit Clerk. Copies of the Promissory Note and Mortgage are enclosed for your reference.

As of this date, no monies have been paid to my client as required under this Promissory Note. Good Shepherd Humane Society is now in default. Pursuant to this Promissory Note, my client is declaring the full indebtedness due and payable immediately. You have until the end of business on Friday, July 14, 2006, to repay this indebtedness plus the interest along with the attorney fees incurred so far in the amount of $668.47. If Good Shepherd Humane Society, Inc. refuses to pay this Promissory Note, then Mr. Bush will begin foreclosure proceedings immediately.

I am also mailing this letter by standard delivery in case this Certified letter should be unclaimed.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THE NOTICE REQUIRED BY THE FDCPA IS ENCLOSED.

EXHIBIT
C

*Mr. John Reeve, President*
*Re: Bush Promissory Note and Mortgage*
*June 23, 2006*
*Page 2 of 2*

Highest personal regards,

LISLE LAW FIRM, P.A.

Gene A. Franco
Attorney at Law

GAF/mrc
encls
cc w/encls:     Hon. Gerald K. Crow
cc w/o encls:   Client

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Me. John Reeve, President
Good Shepherd Humane Society, Inc
P.O. Box 285
Eureka Springs, AR 72632

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
JOHN H. REEVE                     6 27 06

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☒ Yes

2. Article Number
(Transfer from service label)   7005 1820 0005 4987 3864

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1548

## IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

**BOYD J. BUSH**                                                    **PLAINTIFF**

**vs.**                              **Case No. CV 2005-135**

**GOOD SHEPHERD HUMANE SOCIETY, INC.**                    **DEFENDANT**

### LIS PENDENS

Notice is hereby given that Boyd J. Bush has on this day filed an Amended Complaint in

Foreclosure in the Carroll County Circuit Court against the Defendant named above for the

purpose of foreclosing a mortgage and lien on the following described property:

> A PART OF THE SW ¼, SW ¼, SECTION 15, TOWNSHIP 20 NORTH,
> RANGE 26 WEST, CARROLL COUNTY, ARKANSAS, MORE
> PARTICULARLY DESCRIBED AS FOLLOWS: FROM THE NW CORNER
> OF SAID SW ¼, SW ¼, SECTION 15, T-20-N, R-26-W, RUN SOUTH 125
> FEET FOR A POINT OF BEGINNING; THENCE EAST 150.00 FEET;
> THENCE S 08° 42' 46" W 169.00 FEET TO A POINT ON THE NORTH
> RIGHT-OF-WAY OF U.S. HIGHWAY 62; THENCE N 69° 16' 58" W 133.00
> FEET ALONG SAID RIGHT-OF-WAY; THENCE NORTH 120 FEET TO THE
> POINT OF BEGINNING CONTAINING 0.46 ACRES MORE OR LESS.

Boyd J. Bush alleges that, as of October 3, 2005, he is owed $40,000, plus additional

interest which continues to accrue, as well as attorney's fees and other costs, and has requested

foreclosure of its lien against the property described above and in said complaint. Boyd J. Bush

has also requested a judgment against Good Shepherd Humane Society, Inc. for the same

amount.

DATED this ____20____ day of ___July___ 2006.



Respectfully submitted for the Plaintiff,
Boyd J. Bush,

By:

Gene A. Franco, ABA # 94197
Attorney for Plaintiff

LISLE LAW FIRM, P.A.
1458 Plaza Place, Suite 101
Springdale, AR 72764-5273
(479) 750-4444
(479) 751-6792 (facsimile)

## IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS

**BOYD J. BUSH**                                                    **PLAINTIFF**

**vs.**                                **Case No. CV 2005-135**

**GOOD SHEPHERD HUMANE SOCIETY, INC.**                      **DEFENDANT**

### LIS PENDENS

Notice is hereby given that Boyd J. Bush has on this day filed an Amended Complaint in

Foreclosure in the Carroll County Circuit Court against the Defendant named above for the

purpose of foreclosing a mortgage and lien on the following described property:

> A PART OF THE SW ¼, SW ¼, SECTION 15, TOWNSHIP 20 NORTH,
> RANGE 26 WEST, CARROLL COUNTY, ARKANSAS, MORE
> PARTICULARLY DESCRIBED AS FOLLOWS: FROM THE NW CORNER
> OF SAID SW ¼, SW ¼, SECTION 15, T-20-N, R-26-W, RUN SOUTH 125
> FEET FOR A POINT OF BEGINNING; THENCE EAST 150.00 FEET;
> THENCE S 08° 42' 46" W 169.00 FEET TO A POINT ON THE NORTH
> RIGHT-OF-WAY OF U.S. HIGHWAY 62; THENCE N 69° 16' 58" W 133.00
> FEET ALONG SAID RIGHT-OF-WAY; THENCE NORTH 120 FEET TO THE
> POINT OF BEGINNING CONTAINING 0.46 ACRES MORE OR LESS.

Boyd J. Bush alleges that, as of October 3, 2005, he is owed $40,000, plus additional

interest which continues to accrue, as well as attorney's fees and other costs, and has requested

foreclosure of its lien against the property described above and in said complaint. Boyd J. Bush

has also requested a judgment against Good Shepherd Humane Society, Inc. for the same

amount.

DATED this _____20_____ day of ___July___ 2006.

Respectfully submitted for the Plaintiff,
Boyd J. Bush,

By:

Gene A. Franco, ABA # 94197
Attorney for Plaintiff

LISLE LAW FIRM, P.A.
1458 Plaza Place, Suite 101
Springdale, AR   72764-5273
(479) 750-4444
(479) 751-6792 (facsimile)

Page 2 of 2

## SUMMONS

### IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
### WESTERN DISTRICT

PLAINTIFF:          **BOYD BUSH**

CROSS PETITIONER:   **JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.**

VS.                           NO. CV 2005-135

RESPONDENT:       JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

                Respondent:    SHIRLEY TINKIS

RESPONDENT'S ATTORNEY:  **GERALD K. CROW**

ADDRESS:              P.O. BOX 129  BERRYVILLE, AR 72616

THE STATE OF ARKANSAS TO RESPONDENTS: MARTY MARTINEK, BOYD BUSH, GEORGE HARRIS
                                    SHIRLEY TINKIS, CARTER REIN,
                                    MARILYN STOCKWELL, MAGGIE TATUM,
                                    SHARON JACOBSON AND DAVID RUSH
                                    AS PREVIOUS BOARD MEMBERS OF
                                    THE GOOD SHEPHERD HUMANE SOCIETY, INC

ADDRESS:

### NOTICE

1.     You are hereby notified that lawsuit has been filed against you; the relief asked is stated in the attached complaint;

2.     The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present you defense. Your pleading or answer must meet the following requirements:

     a.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

     b.     It must be filed in the court clerk's office within **twenty (20) days** from the day you were served with this summons.

3.     If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

4.     Additional notices: None

WITNESS MY HAND AND SEAL OF THIS COURT THIS THE
4th day of August, 2006

Address of Clerk's Office:
Circuit and Chancery Clerk

Carroll County Courthouse
P.O. Box 109, Eureka Springs, AR  72632

RAMONA WILSON, Clerk

Deputy Clerk

STATE OF ARKANSAS
COUNTY OF CARROLL

On this the _____ day of _____, 2006, I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within named

_____

_____.

_____
SHERIFF/Process Server

_____
Deputy Sheriff

STATE OF ARKANSAS
COUNTY OF CARROLL

Subscribed and Sworn to before me this _____ day of _____, 2005.

_____
Notary Public
My Commission Expires:_____

## SUMMONS

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

PLAINTIFF:        **BOYD BUSH**
CROSS PETITIONER:  **JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.**

VS.                          NO. CV 2005-135

RESPONDENT:      JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

Respondent:    CARTER REIN,


RESPONDENT'S ATTORNEY:   **GERALD K. CROW**
ADDRESS:                P.O. BOX 129  BERRYVILLE, AR 72616

THE STATE OF ARKANSAS TO RESPONDENTS: MARTY MARTINEK, BOYD BUSH, GEORGE HARRIS
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC

ADDRESS:

### NOTICE

1.  You are hereby notified that lawsuit has been filed against you; the relief asked is stated in the attached complaint;
2.  The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present you defense. Your pleading or answer must meet the following requirements:
    a.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
    b.     It must be filed in the court clerk's office within **twenty (20) days** from the day you were served with this summons.
3.  If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.
4.  Additional notices:  None

WITNESS MY HAND AND SEAL OF THIS COURT THIS THE
4ᵗʰ day of August, 2006

Address of Clerk's Office:
Circuit and Chancery Clerk

Carroll County Courthouse
P.O. Box 109, Eureka Springs, AR  72632

_Ramona Wilson_
RAMONA WILSON, Clerk

_Sheryl Ruff, D.C._
Deputy Clerk


STATE OF ARKANSAS
COUNTY OF CARROLL

On this the _____ day of _____, 2006, I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within named

_____

_____.

_____

SHERIFF/Process Server

_____

Deputy Sheriff

STATE OF ARKANSAS
COUNTY OF CARROLL

Subscribed and Sworn to before me this _____ day of _____, 2005.

_____

Notary Public
My Commission Expires:_____

## SUMMONS

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

PLAINTIFF:           **BOYD BUSH**
CROSS PETITIONER:    **JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.**

VS.                    NO. CV 2005-135

RESPONDENT:      JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

Respondent:   MARILYN STOCKWELL

RESPONDENT'S ATTORNEY:  **GERALD K. CROW**
ADDRESS:            P.O. BOX 129  BERRYVILLE, AR 72616

THE STATE OF ARKANSAS TO RESPONDENTS: MARTY MARTINEK, BOYD BUSH, GEORGE HARRIS
                                     SHIRLEY TINKIS, CARTER REIN,
                                     MARILYN STOCKWELL, MAGGIE TATUM,
                                     SHARON JACOBSON AND DAVID RUSH
                                     AS PREVIOUS BOARD MEMBERS OF
                                     THE GOOD SHEPHERD HUMANE SOCIETY, INC

ADDRESS:

### NOTICE

1.     You are hereby notified that lawsuit has been filed against you; the relief asked is stated in the attached complaint;
2.     The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present you defense. Your pleading or answer must meet the following requirements:
     a.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
     b.     It must be filed in the court clerk's office within **twenty (20) days** from the day you were served with this summons.
3.     If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.
4.     Additional notices:  None

WITNESS MY HAND AND SEAL OF THIS COURT THIS THE
4ᵗʰ day of August, 2006

Address of Clerk's Office:
Circuit and Chancery Clerk

Carroll County Courthouse
P.O. Box 109, Eureka Springs, AR  72632

RAMONA WILSON, Clerk

Deputy Clerk

STATE OF ARKANSAS
COUNTY OF CARROLL

On this the _____ day of _____, 2006, I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within named

_____

_____.

_____

SHERIFF/Process Server

_____

Deputy Sheriff

STATE OF ARKANSAS
COUNTY OF CARROLL

Subscribed and Sworn to before me this _____ day of _____, 2005.

_____

Notary Public
My Commission Expires:_____

## SUMMONS

### IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
### WESTERN DISTRICT

PLAINTIFF:              **BOYD BUSH**
CROSS PETITIONER:   **JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.**

VS.                              NO. CV 2005-135

RESPONDENT:        JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

Respondent:     MAGGIE TATUM,

RESPONDENT'S ATTORNEY:   **GERALD K. CROW**
ADDRESS:                       P.O. BOX 129  BERRYVILLE, AR 72616

THE STATE OF ARKANSAS TO RESPONDENTS: MARTY MARTINEK, BOYD BUSH, GEORGE HARRIS
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC

ADDRESS:

### NOTICE

1.    You are hereby notified that lawsuit has been filed against you; the relief asked is stated in the attached complaint;
2.    The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present you defense.  Your pleading or answer must meet the following requirements:
   a.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
   b.    It must be filed in the court clerk's office within **twenty (20) days** from the day you were served with this summons.
3.    If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.
4.    Additional notices: None

WITNESS MY HAND AND SEAL OF THIS COURT THIS THE
4th  day of August, 2006

Address of Clerk's Office:
Circuit and Chancery Clerk

Carroll County Courthouse
P.O. Box 109, Eureka Springs, AR  72632

_Ramona Wilson_
RAMONA WILSON, Clerk

_Sheryl Ruff, DC_
Deputy Clerk

STATE OF ARKANSAS
COUNTY OF CARROLL

On this the _____ day of _____, 2006, I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within named

_____

_____.

_____
SHERIFF/Process Server

_____
Deputy Sheriff

STATE OF ARKANSAS
COUNTY OF CARROLL

Subscribed and Sworn to before me this _____ day of _____, 2005.


_____
Notary Public
My Commission Expires:_____

## SUMMONS

### IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
### WESTERN DISTRICT

PLAINTIFF:             **BOYD BUSH**
CROSS PETITIONER:   **JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.**

VS.                                    NO. CV 2005-135

RESPONDENT:       JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

Respondent:     SHARON JACOBSON

RESPONDENT'S ATTORNEY:    **GERALD K. CROW**
ADDRESS:                           P.O. BOX 129  BERRYVILLE, AR 72616

THE STATE OF ARKANSAS TO RESPONDENTS: MARTY MARTINEK, BOYD BUSH, GEORGE HARRIS
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC

ADDRESS:

### NOTICE

1.    You are hereby notified that lawsuit has been filed against you; the relief asked is stated in the attached complaint;
2.    The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present you defense.  Your pleading or answer must meet the following requirements:
      a.       It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
      b.       It must be filed in the court clerk's office within **twenty (20) days** from the day you were served with this summons.
3.    If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.
4.    Additional notices:  None

WITNESS MY HAND AND SEAL OF THIS COURT THIS THE
4th day of August, 2006

Address of Clerk's Office:
Circuit and Chancery Clerk

Carroll County Courthouse
P.O. Box 109, Eureka Springs, AR  72632

RAMONA WILSON, Clerk

Deputy Clerk

STATE OF ARKANSAS
COUNTY OF CARROLL

On this the _____ day of _____, 2006, I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within named

_____

_____.

_____

SHERIFF/Process Server

_____

Deputy Sheriff

STATE OF ARKANSAS
COUNTY OF CARROLL

Subscribed and Sworn to before me this _____ day of _____, 2005.

_____

Notary Public
My Commission Expires:_____

## SUMMONS

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

PLAINTIFF:          **BOYD BUSH**
CROSS PETITIONER:   **JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.**

VS.                              NO. CV 2005-135

RESPONDENT:        JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

Respondent:    DAVID RUSH


RESPONDENT'S ATTORNEY:   **GERALD K. CROW**
ADDRESS:                  P.O. BOX 129  BERRYVILLE, AR 72616

THE STATE OF ARKANSAS TO RESPONDENTS: MARTY MARTINEK, BOYD BUSH, GEORGE HARRIS
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC

ADDRESS:

### NOTICE

1.   You are hereby notified that lawsuit has been filed against you; the relief asked is stated in the attached complaint;
2.   The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present you defense. Your pleading or answer must meet the following requirements:
     a.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
     b.     It must be filed in the court clerk's office within twenty (20) days from the day you were served with this summons.
3.   If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.
4.   Additional notices: None

WITNESS MY HAND AND SEAL OF THIS COURT THIS THE
4th day of August, 2006

Address of Clerk's Office:
Circuit and Chancery Clerk

Carroll County Courthouse
P.O. Box 109, Eureka Springs, AR  72632

RAMONA WILSON, Clerk

Deputy Clerk


STATE OF ARKANSAS
COUNTY OF CARROLL

On this the _____ day of _____, 2006, I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within named

_____

_____.

_____

SHERIFF/Process Server

_____

Deputy Sheriff

STATE OF ARKANSAS
COUNTY OF CARROLL

Subscribed and Sworn to before me this _____ day of _____, 2005.

_____

Notary Public
My Commission Expires:_____

## SUMMONS

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

PLAINTIFF:               **BOYD BUSH**
CROSS PETITIONER:   **JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.**

VS.                                   NO. CV 2005-135

RESPONDENT:        JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

RESPONDENT:        MARTY MARTINEK

RESPONDENT'S ATTORNEY:   **GERALD K. CROW**
ADDRESS:                              P.O. BOX 129  BERRYVILLE, AR 72616

THE STATE OF ARKANSAS TO RESPONDENTS: MARTY MARTINEK, BOYD BUSH, GEORGE HARRIS
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC

ADDRESS:

### NOTICE

1.    You are hereby notified that lawsuit has been filed against you; the relief asked is stated in the attached complaint;
2.    The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present you defense.  Your pleading or answer must meet the following requirements:
   a.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
   b.    It must be filed in the court clerk's office within **twenty (20) days** from the day you were served with this summons.
3.    If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.
4.    Additional notices: None

WITNESS MY HAND AND SEAL OF THIS COURT THIS THE
4th day of August, 2006

Address of Clerk's Office:
Circuit and Chancery Clerk

Carroll County Courthouse
P.O. Box 109, Eureka Springs, AR  72632

RAMONA WILSON, Clerk

Deputy Clerk

STATE OF ARKANSAS
COUNTY OF CARROLL

On this the _____ day of _____, 2006, I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within named

_____

_____.


_____

SHERIFF/Process Server

_____

Deputy Sheriff

STATE OF ARKANSAS
COUNTY OF CARROLL

Subscribed and Sworn to before me this _____ day of _____, 2005.


_____

Notary Public
My Commission Expires:_____

## SUMMONS

### IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
### WESTERN DISTRICT

PLAINTIFF: **BOYD BUSH**
CROSS PETITIONER: **JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.**

VS.                                     NO. CV 2005-135

RESPONDENT:      JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

RESPONDENT:      BOYD BUSH

RESPONDENT'S ATTORNEY: **GERALD K. CROW**
ADDRESS:                         P.O. BOX 129  BERRYVILLE, AR 72616

THE STATE OF ARKANSAS TO RESPONDENTS: MARTY MARTINEK, BOYD BUSH, GEORGE HARRIS
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC

ADDRESS:

### NOTICE

1.  You are hereby notified that lawsuit has been filed against you; the relief asked is stated in the attached complaint;
2.  The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present you defense. Your pleading or answer must meet the following requirements:
    a.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
    b.    It must be filed in the court clerk's office within **twenty (20) days** from the day you were served with this summons.
3.  If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.
4.  Additional notices: None

WITNESS MY HAND AND SEAL OF THIS COURT THIS THE
4th day of August, 2006

Address of Clerk's Office:
Circuit and Chancery Clerk

Carroll County Courthouse
P.O. Box 109, Eureka Springs, AR 72632

_Ramona Wilson_
RAMONA WILSON, Clerk

_Sheryl Ruff, D.C._
Deputy Clerk

STATE OF ARKANSAS
COUNTY OF CARROLL

On this the _____ day of _____, 2006, I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within named

_____

_____.


_____

SHERIFF/Process Server

_____

Deputy Sheriff


STATE OF ARKANSAS
COUNTY OF CARROLL

Subscribed and Sworn to before me this _____ day of _____, 2005.


_____
Notary Public
My Commission Expires:_____